UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEY YORK MELLON FK THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC. ALTERNATIVE LOAN TRUST 2006-33CF, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-33CB,<br><br>         Plaintiff,<br>  v.<br><br>BRAEWOOD HERITAGE ASSOCIATION, INC., NYLA G. CARSON, MARIAN L. HAMMOND, DOE Individuals I-X, inclusive, and ROE Corporations I-X, inclusive,<br><br>         Defendants. | Case No. 2:17-cv-00336-MMD-CWH<br><br>ORDER |

**I. SUMMARY**

Before the Court is Plaintiff's motion for judgment on the pleadings (ECF No. 22) and motion for default judgment (ECF No. 23). The Court has reviewed Defendant Braewood Heritage Association, Inc.'s ("Braewood") response. (ECF No. 27.) For the reasons discussed herein, both motions are granted.

**II. RELEVANT BACKGROUND**

The following facts are taken from the Complaint. (ECF No. 1.)

On July 27, 2006, borrower Marian L. Hammond ("Borrower") financed the purchase of property located at 3378 Clandara Avenue in Las Vegas, Nevada ("the Property") through a loan evidenced by a note and deed of trust recorded on August 1, 2006 ("DOT"). The DOT was later assigned to Plaintiff Bank of New York Mellon.

The Property is located within the Braewood Heritage Association. Because Borrower failed to pay Braewood HOA assessments and other fees owed, Braewood ultimately foreclosed on the HOA lien on February 13, 2014. Defendant Nyla G. Carson acquired the Property at the foreclosure sale.

Plaintiff asserts a claim for quiet title/declaratory relief, challenging the constitutionality of NRS 116, the state statute governing the HOA foreclosure sale, and other state law claims.

### III. MOTION FOR DEFAULT JUDGMENT (ECF No. 23)

Plaintiff seeks default judgment against Carson on its quiet title claim, asking the Court to declare Carson acquired the Property subject to the DOT. The Court finds that default judgment is proper. Plaintiff has satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(b). The Clerk properly entered a default against Carson pursuant to Fed. R. Civ. P. 55(a) because Carson failed to appear after having been properly served on February 8, 2017. (ECF Nos. 8, 17.) Plaintiff has also satisfied the factors for obtaining default judgment articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The Court thus grants Plaintiff's motion for default judgment (ECF No. 23).

### IV. MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 22)

Plaintiff seeks judgment based on the Ninth Circuit Court of Appeals' decision in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017). (ECF No. 22.) In *Bourne Valley*, the Ninth Circuit held that the opt-in notice scheme established in the 1993 version of NRS § 116.3116 *et seq.* is facially unconstitutional because it requires a lender with a first position deed of trust to affirmatively request notice of an HOA's intention to foreclose, which the court found to be a violation of the lender's due process rights. 832 F.3d at 1156. This Court has found that the most equitable remedy under the circumstances presented by an HOA foreclosure sale under the pre-2015 version of NRS 116 is to declare that the senior deed of trust still encumbers the HOA foreclosed property. *See U.S. Bank Nat. Ass. v. Thunder*

2

*Prop., Inc.,* 3:15-cv-00328-MMD-WGC (D.Nev. Sept. 14, 2017). Plaintiff seeks the same relief here—the DOT still encumbers the Property. And Braewood does not oppose this requested relief. (ECF No. 27.) Accordingly, the Court will grant Plaintiff's motion for judgment on the pleadings (ECF No. 22).

## V. CONCLUSION

It is therefore ordered that Plaintiff's motion for default judgment (ECF No. 23) and motion for judgment on the pleadings (ECF No. 22) are granted. Plaintiff is directed to submit a proposed order in accordance with this Order within ten (10) days. Plaintiff is also directed to file either (1) a notice of voluntary dismissal of the remaining defendant (Borrower) or (2) a status report to state how it intends to proceed against Borrower within ten (10) days.

DATED THIS 6th day of February 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE