UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

THE BANK OF NEY YORK MELLON FK
THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF
THE CWALT, INC. ALTERNATIVE LOAN
TRUST 2006-33CF, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2006-33CB,

                                    Plaintiff,

    v.

BRAEWOOD HERITAGE ASSOCIATION,
INC., NYLA G. CARSON, MARIAN L.
HAMMOND, DOE Individuals I-X, inclusive,
and ROE Corporations I-X, inclusive,

                                    Defendants.

Case No. 2:17-cv-00336-MMD-CWH

ORDER

## I.      SUMMARY

Before the Court is Plaintiff Bank of New York Mellon's ("Plaintiff") motion for default judgment ("Motion") against Defendant Marian L. Hammond ("Hammond"). (ECF No. 42.) Plaintiff seeks default judgment on its judicial foreclosure claim against Hammond. For the reasons discussed herein, the Motion is granted.

## II.     RELEVANT BACKGROUND

The following facts are taken from the Complaint. (ECF No. 1.)

On July 27, 2006, Hammond financed the purchase of property located at 3378 Clandara Avenue in Las Vegas, Nevada ("the Property") through a loan evidenced by a note and deed of trust recorded on August 1, 2006 ("DOT"). The DOT was later assigned to Plaintiff.

The Property is located within the Braewood Heritage Association. Because Hammond failed to pay Braewood HOA assessments and other fees owed, Braewood ultimately foreclosed on the HOA lien on February 13, 2014. Defendant Nyla G. Carson acquired the Property at the foreclosure sale.

Plaintiff asserts a claim for quiet title/declaratory relief, challenging the constitutionality of the state statute governing the HOA foreclosure sale (NRS Ch. 116), and other state law claims. The Court has resolved these claims. (ECF No. 28.) Plaintiff now seeks default judgment against Hammond as the sole remaining Defendant.

## III. DISCUSSION

Plaintiff seeks default judgment against Hammond on its judicial foreclosure claim. The Court finds that default judgment is proper. Plaintiff has satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(b). The Clerk properly entered a default against Hammond pursuant to Fed. R. Civ. P. 55(a) because Hammond failed to appear after having been properly served on February 10, 2017. (ECF Nos. 10, 18.) Plaintiff has also satisfied the factors for obtaining default judgment articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The Court thus grants Plaintiff's motion for default judgment (ECF No. 42).

## V. CONCLUSION

It is therefore ordered that Plaintiff's motion for default judgment against Marian L. Hammond (ECF No. 42) is granted. Plaintiff is directed to submit a proposed order in accordance with this order within ten (10) days.

DATED THIS 28th day of September 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2