DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: darren.brenner@akerman.com
Email: natalie.winslow@akerman.com

*Attorneys for The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-33CB, Mortgage Pass-Through Certificates, Series 2006-33CB*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2006-33CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-33CB<br><br>Plaintiff,<br><br>vs.<br><br>BRAEWOOD HERITAGE ASSOCIATION, INC.; NYLA G. CARSON; MARIAN L. HAMMOND; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-00336-MMD-CWH<br><br>**ORDER GRANTING APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST MARIAN L. HAMMOND** |

The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-33CB, Mortgage Pass-Through Certificates, Series 2006-33CB (**BNY**) submits the following proposed order, pursuant to the court's order dated September 28, 2018, ECF No. 43.

 1. This action concerns the real property located at 3378 Clandara Avenue, Las Vegas,

46544247;1

Nevada 89121.

2. Marian Hammond acquired an interest in the property on or about July 2006, as evidenced by a grant, bargain, sale deed recorded in favor of Hammond that was recorded against the property on August 1, 2006 as Instrument No. 20060801-0004205.

3. Hammond borrowed $146,900.00 to purchase the property. To secure the loan, lender Cornerstone Home Lending recorded a deed of trust against the property on August 1, 2006 as Instrument No. 20060801-0004206.

4. BNY is the current record beneficiary of the deed of trust. A true and correct copy of the assignment of deed of trust in favor of BNY was recorded against the property on April 16, 2012 as Instrument No. 201204160001184.

5. The deed of trust remains a valid and enforceable lien against the property.

6. The deed of trust is the senior lien encumbering the property.

7. Hammond defaulted under the terms of the note and deed of trust by failing to make all required payments when due. The amounts under the loan are now due and owing to BNY.

8. Nevada Revised Statutes 40.430 *et seq*. provides the statutory framework for judicial actions for foreclosure of real mortgages in Nevada. These statutes "must be construed to permit a secured creditor to realize upon the collateral for a debt or other obligation agreed upon by the debtor and creditor when the debt or other obligation was incurred." NRS 40.430(2).

9. For judicial foreclosure actions, "the judgment must be rendered for the amount found due the plaintiff, and the court, by its decree or judgment, may direct a sale of the encumbered property, or such part thereof as is necessary, and apply the proceeds of the sale as provided in NRS 40.462." NRS 40.430(1). "[A] creditor of a note secured by real property must first pursue judicial foreclosure before recovering from the debtor directly." *McDonald v. D.P. Alexander & Las Vegas Boulevard, LLC*, 121 Nev. 812, 816, 123 P.3d 748, 750 (2005).

10. In order to enforce a deed of trust through foreclosure in Nevada, the deed of trust and underlying promissory note must be held by the same party. *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 260 (Nev. 2012) (citing *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034,

1039 (9th Cir. 2011)). Separation of the deed of trust and note at any particular point in time does not preclude enforcement when the documents are ultimately unified in the same party. *Edelstein*, 286 P.3d at 259. "Indeed, while entitlement to enforce both the deed of trust and the promissory note is required to foreclose, nothing requires those documents to be unified from the point of inception of the loan." *Id*. (citing *In re Tucker*, 441 B.R. 638, 644 (Bankr. W.D.Mo. 2010)).

11. "To prove that a previous beneficiary properly assigned its beneficial interest in the deed of trust, the new beneficiary can demonstrate the assignment by means of a signed writing." *Edelstein*, 286 P.3d at 260 (citing *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, 255 P.3d 1275, 1279 (2011)).

12. In general, an assignment of a trust deed's interest in land "must be in writing, subscribed by the party creating, granting, assigning, or declaring the same, or by the party's lawful agent thereunto authorized in writing." NRS 111.205(1). An assignment of a beneficial interest in a deed of trust must also be recorded in the office of the recorder where the property is located. NRS 106.210.

13. Here, BNY, as the current beneficiary of the deed of trust, is entitled to enforce it.

14. BNY is entitled to enforce the note because it is a holder. NRS 104.3301; *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___, 255 P.3d 1275, 1280-81 (2011) (recognizing that a note holder is entitled to enforce the note); James J. White & Robert S. Summers, Uniform Commercial Code § 16.4.b (5th ed. 2008) ("[M]erely by producing a properly indorsed or issued instrument the plaintiff proves he is entitled to enforce it as a holder.").

15. Hammond is required, under her loan documents, to pay the principal and interest on the loan, as evidenced by the note. Her failure to do so constitutes a default and breach of the terms of the deed of trust.

16. Hammond failed to make the June 1, 2012 payment on the note and all subsequent payments due, resulting in default under the terms of the note and deed of trust.

17. The unpaid principal balance, together with interest as allowed at the note rate from default date to June 30, 2018 totals $113,344.34.

46544247;1

18. BNY elects to invoke the power of sale, and is entitled to a judgment of this Court ordering the property sold at foreclosure to satisfy the amounts due and payable. NRS 40.430(1).

19. BNY is entitled to attorneys' fees and costs incurred in prosecuting this matter from Hammond, in an amount to be proven upon judgment in BNY's favor, pursuant to the explicit terms of the deed of trust.

20. Hammond has failed to cure her default under the loan.

21. BNY served Hammond with service of process of this lawsuit on March 15, 2017. Hammond failed to answer or otherwise defend, and BNY obtained a default from the Clerk of Court.

22. Accordingly, entry of judgment by default is appropriate.

IT IS THEREFORE HEREBY ORDERED that BNY's application for default judgment as to Hammond is GRANTED.

IT IS FURTHER ORDERED that all claims against all parties are now fully resolved in this action.

46544247;1

Accordingly, IT IS FURTHER ORDERED that the lis pendens recorded against the property as instrument no. 201702100001310 with the Clark County Recorder is EXPUNGED.

_____
**UNITED STATES DISTRICT COURT JUDGE**

DATED: April 4, 2019

Respectfully Submitted by:

**AKERMAN LLP**

*/s/ Natalie L. Winslow.*
DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134
*Attorneys for The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-33CB, Mortgage Pass-Through Certificates, Series 2006-33CB*

46544247;1