UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEY YORK MELLON FK THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC. ALTERNATIVE LOAN TRUST 2006-33CF, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-33CB<br><br>Plaintiff,<br>v.<br><br>BRAEWOOD HERITAGE ASSOCIATION, INC., *et al.*,<br><br>Defendants. | Case No. 2:17-cv-00336-MMD-DJA<br><br>ORDER |

**I.    SUMMARY**

Before the Court is Plaintiff Bank of New York Mellon's ("Plaintiff") motion for attorney fees and costs ("Motion") against Defendant Marian L. Hammond ("Hammond"). (ECF No. 48.) Because Plaintiff has failed to submit sufficient information regarding its attorneys' fees, the Motion is denied.

**II.   BACKGROUND**

The relevant facts are recited in the Court's order. (ECF No 28.) As relevant here, the Court granted default judgment against Hammond on Plaintiff's judicial foreclosure claim. (ECF No. 45.) Plaintiff now brings this Motion to recover its attorneys' fees and costs under the deed of trust, providing for the lender to recover such fees. (ECF No. 48; ECF No. 45 at 19.)

**III.  DISCUSSION**

"The part[y] seeking attorney's fees must establish [among other things] that the fees are reasonable." *City Nat'l Bank v. Charleston Assocs., LLC*, No. 2:11cv-2023-MMD-

PAL, 2017 WL 1158816, at *1 (D. Nev. Mar. 28, 2017). Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). Courts must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Courts consider the experience, skill, and reputation of the attorney requesting fees when determining the reasonableness of an hourly rate. *Webb v. Ada County*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community for "similar services by lawyers of reasonably comparable skill, experience and reputation." *See id.*; *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). "The party seeking an award of fees should submit evidence supporting the . . . rates claimed." *Hensley*, 461 U.S. at 433; *see also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). A rate determined through affidavits is normally deemed to be reasonable. *Blum*, 465 U.S. at 895-96 n.11.

Plaintiff has not provided sufficient information for the Court to determine whether the attorneys' fees sought by Plaintiff are reasonable and are incurred relating to the judicial foreclosure claim against Hammond. The latter deficiency is important given that Plaintiff asserted and litigated claims against other defendants.[1] Plaintiff's counsel Jamie K. Combs submits an affidavit (the "Affidavit") discussing partner Natalie L. Winslow's involvement in the case, her experience in practice and her credentials. (ECF No. 48-1 at 2.) The Affidavit broadly outlines that "rates charged ranged from $135 per hour for paralegals to $375 for partners." (*Id.* at 3.) However, Plaintiff has failed to identify the seven other individuals who have charged Plaintiff fees and whose work altogether constitutes half of the total hours worked in this case. (*See generally*, ECF No. 48-2.) These

---

[1]For example, one of Plaintiff's counsel's work entry charges $229.50 in connection with "[r]eviewing Court Docket/prior pleadings in preparation for drafting Request to Enter Default, Default by Clerk, Attorney Affidavit in Support of *Default of Nyla G. Carson* and Marian L. Hammond and draft same." (ECF No. 48-2 at 16 (emphasis added).) Plaintiff cannot seek attorneys' fees from Hammond for work Plaintiff's counsel did in relation to Co-Defendant Carson.

2

individuals are only identified by their initials (TAW, CJH, NMF, DTB, DH, KAW, and JKC), but their positions at the firm, rates, experiences, and credentials remain unclear.[2] (*Id.*) Without more, the Court cannot determine whether Plaintiff is seeking reasonable attorneys' fees.

**IV.     CONCLUSION**

It is therefore ordered that Plaintiff's motion for attorney fees and costs (ECF No. 48) is denied without prejudice.

DATED THIS 30th day of March 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]The Court advises Plaintiff that an aggregation of each person's hours would further assist the Court in determining the reasonableness of Plaintiff's attorneys' fees.